**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4302

MICHAEL LEE MCBEE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-219)

Submitted: December 22, 1998

Decided: January 21, 1999

Before WIDENER and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assis-
tant Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Lee McBee pleaded guilty to conspiracy to distribute crack cocaine, 21 U.S.C.A. § 846 (West Supp. 1998), and four counts of distribution of crack, 21 U.S.C. § 841(a)(1) (West 1994). McBee now appeals his 262-month sentence. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his view there are no meritorious grounds for appeal but raising two issues: whether the district court correctly calculated the amount of drugs attributable to McBee; and whether the district court properly gave McBee a three-level enhancement for his role in the offense. McBee was informed of his right to file a pro se supplemental brief but has not done so. Because we find no reversible error, we affirm.

McBee and at least four others distributed crack to undercover officers on various occasions between January 1996 and September 1997. The organization operated primarily out of a dilapidated house in Rockingham County, North Carolina, owned by McBee's uncle. McBee himself distributed crack, set the price that members of the organization charged for crack, and supplied the others with the drugs that they sold.

McBee initially objected to the probation officer's finding that he was responsible for 237.47 grams of crack. However, at sentencing, the parties announced that he agreed with this calculation. Based on the amount of crack attributable to McBee, his base offense level was 34. See U. S. Sentencing Guidelines Manual§ 2D1.1 (1997). The probation officer recommended a four level enhancement because McBee was a leader or organizer of the conspiracy. See USSG § 3B1.1(a). McBee objected to this enhancement; at sentencing, the government stated that it had agreed to recommend only a three-level enhancement for being a manager or supervisor. See USSG § 3B1.1(b). McBee received a three-level adjustment for acceptance

2

of responsibility. See USSG § 3E1.1(a), (b). His total offense level therefore was 34. With a criminal history category of VI, his guideline range was 262-327 months. He received a 262-month sentence.

We reject McBee's argument that he was not a manager of the organization and therefore should not have received a three-level enhancement for his role in the offense. The district court's determination concerning his role in the offense is reviewed for clear error. See United States v. Arnoldt, 947 F.2d 1120, 1128 (4th Cir. 1991). Here, there was evidence that McBee gave drugs to others in the organization to sell, set prices of the crack that the others sold, and screened his salesmen's customers. We conclude that the district court did not clearly err in finding that McBee was a manager or supervisor of the organization.

We review the district court's factual determination concerning the amount of drugs attributable to McBee for clear error. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996). As a member of a conspiracy, McBee was accountable for all the drugs reasonably foreseeable to him. See United States v. Irvin , 2 F.3d 72, 78 (4th Cir. 1993). The record discloses McBee's involvement in numerous drug transactions, either directly or indirectly. The probation officer attributed 237.47 grams of crack to McBee. This reflects twenty-three purchases by undercover officers totaling 128.2 grams; recovery of 73.37 grams of crack during two searches of the residence out of which McBee and his confederates operated; the recovery of $1351 in currency, which converts to 13.5 grams of crack (based on a price of $100 per gram); and officers' observation of approximately 22.4 grams of crack--in addition to the crack purchased--during drug transactions. McBee initially disputed these findings. However, at sentencing, he acknowledged that the calculations were correct, and the district court adopted the probation officer's findings. McBee failed to present evidence that the findings were incorrect. Additionally, our independent review of the record satisfies us that the amount of crack attributed to McBee was not clearly erroneous.

As required by Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm McBee's sentence. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If his client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy thereof has been served on his client.

AFFIRMED

4